UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


STEFAN A. SCHOELLMANN                          CIVIL ACTION


VERSUS                                         NO: 05-2851


DR. ROBERT E. TREUTING,                        SECTION: "J" (5)
CORONER OF JEFFERSON PARISH,
ET AL.


### ORDER AND REASONS

Before the Court is defendant Sheriff Harry Lee's **Motion for Summary Judgment** (Doc. 55.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

### BACKGROUND

The central event triggering this suit occurred on July 28, 2004, when a psychiatrist and sheriff's deputies removed Plaintiff from his house and had him detained at East Jefferson General Hospital for ten days to receive medical treatment.

Plaintiff had a history of mental illness, had stopped

1

taking his medicine, and had declined to come to appointments with his treating psychiatrist. The Coroner's office issued an Order of Protective Custody to have him detained. The order expired prior to his detention. Following a call from Plaintiff's treating psychiatrist expressing concern about his mental state, psychiatrist Helen Costales, accompanied by sheriff's deputies, went to Plaintiff's house, evaluated him in person, and determined that he was delusional and dangerous. She issued a Physician's Emergency Certificate based upon her direct examination. Pursuant to the Emergency Certificate, Plaintiff was taken into custody and transported to the East Jefferson General Hospital. He was diagnosed as delusional by a doctor at the hospital and he was detained there. Within 72 hours this diagnosis was confirmed by a psychiatrist from the Coroner's office. He was administered psychotropic medicines. His condition improved over the next ten days. He was released on August 6, 2004.

He has sued Jefferson Parish, the Coroner, several medical institutions, the CEO of the East General Jefferson Hospital, and the Sheriff under 42 U.S.C. § 1983 for violating his constitutional rights. As a result of prior motions, all of the claims in the case have been dismissed except the claim that the Sheriff's deputies used excessive force in arresting plaintiff.

2

**LEGAL STANDARD**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id*. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. *Id*.  "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when

3

there is an actual controversy, that is, when both parties have
submitted evidence of contradictory facts. *[The courts] do not,
however, in the absence of any proof, assume that the nonmoving
party could or would prove the necessary facts." Little*, 37 F.3d
1075 (emphasis in original)(citations omitted).

## DISCUSSION

"To bring a § 1983 excessive force claim under the Fourth
Amendment, a plaintiff must first show that [he] was seized. Next
[he] must show that [he] suffered (1) an injury that (2) resulted
directly and only from the use of force that was excessive to the
need and that (3) the force used was objectively unreasonable."
*Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)
(citations omitted). As the Court has already noted, to hold
Sheriff Lee, or the Jefferson Parish Sheriff's Office, liable for
the conduct of the deputies, plaintiff must show that the Sheriff
knew facts sufficient to make plain a pattern of excessively
injuring detainees, failed to take the obvious steps to prevent
the abuse, and caused by that failure the constitutional injury
to plaintiff. (Doc. 44 at 6.)

Plaintiff has produced sufficient proof that he has an
injured back. Defendant seeks judgment that there is no genuine
issue of fact that the deputies caused his injuries or that the
Jefferson Parish Sheriff's Office had a policy of using excessive

4

force. (Doc. 55.) Plaintiff counters that his discovery requests raise genuine issues as to whether he was treated roughly, whether he sustained injury or aggravation to existing injury in connection with his arrest, and whether he was traumatized by the brandishing of tasers and by being handcuffed. (Docs. 58 and 59.)

On the issue of medical causation, plaintiff testifies that "the adrenaline, confusion, withdrawal of stun gun from holster and ensuing threats and handcuffing deportation in Jefferson Parish police car by verbal coercion and threats, gawking neighbors, etc. very likely caused my disk to slip at that precise time." (Pl's First Response to Interrogatory No. 2.) On the issue of official policy plaintiff testifies that "[t]he entire behavioral attitude and policy to use force in my case was absolutely unnecessary as I have been and continue to civilly and normally proceed in my daily work." (Pl's First Response to Interrogatory No. 7.)[1] Plaintiff does not indicate that any other support on these issues exists.

It is apparent that plaintiff's responses amount to no more than unsubstantiated assertions. As such, they are insufficient to raise a genuine issue for trial. No reasonable jury could find

---

[1] The Court refers to the plaintiff's first responses because they are more coherent. Plaintiff's supplemental responses fail to offer any more support on the issues in question.

for plaintiff on the basis of plaintiff's assertions without more.

Accordingly,

**IT IS ORDERED** that defendant Sheriff Harry Lee's **Motion for Summary Judgment** (Doc. 55) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice.

New Orleans, Louisiana this the 23rd day of March, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE